**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CARLOSE D. ROBINSON,**

    **Petitioner,**

**v.**                                                **CIVIL ACTION NO. 2:08cv116
(Judge Maxwell)**

**BUREAU OF PRISONS**

    **Respondent.**

## ORDER AND
## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 24, 2008, the plaintiff, Carlose D. Robinson, filed a *pro se* petition for writ of mandamus against the above-named respondent to compel the authorities at USP Hazelton to turn over all physical evidence involving an alleged assault perpetrated on him by correctional officers. On that same date, the petitioner was issued a Notice of Deficient pleading advising him that he had twenty days in which to either pay the $350.00 filing fee or submit an application to proceed in forma pauperis with supporting documentation and a consent to collections from his prisoner trust account report. It has now been more than twenty days, and the plaintiff has failed to comply. However, on December 19, 2008, the petitioner filed a Motion to Appoint Counsel. Attached to his Motion for counsel, is a letter from the petitioner indicating that if counsel is not going to be appointed, he requests that his action be dismissed without prejudice.

### II. ANALYSIS

In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case

has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Upon review of the pending motion, the undersigned is of the opinion that the petitioner has failed to show a particular need or exceptional circumstances that would require the assistance of a trained practitioner.

Rule 41 of the Federal Rules of Civil Procedure provides for dismissal of actions. More particularly, Rule 41(a) provides for voluntary dismissal. Pursuant to Rules 41(a)(1), an action can be dismissed by the initiating party without order of court upon filing of a notice of dismissal at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs, or by filing a stipulation of dismissal signed by all parties who have appeared in the action. Because the petitioner has never complied with the Notice of Deficient pleading, the respondent has never been served, and accordingly, no answer or other responsive pleading has been filed.

### III. ORDER AND RECOMMENDATION

In consideration of the foregoing, it is hereby **ORDERED** that the petitioner's Motion to Appoint Counsel (Doc. 4) is **DENIED**; and it is **RECOMMENDED** that the petitioner's letter attached to his Motion to Appoint counsel be construed as a stipulation of dismissal; and that this matter be **DISMISSED WITHOUT PREJUDICE** and stricken from the active docket of the Court.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 5, 2009

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE